UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ATTILIUS LLC,

Plaintiff,

v.

LARSEN-HASLEM DENTAL, LLC, dba
COMPASSIONATE DENTAL
SERVICES,

Defendant.

Case No.:  22-cv-0899-L-KSC

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS, STAY OR
TRANSFER**

**[ECF No. 6]**

Pending before the Court is Larsen-Haslem Dental, LLC's ("Defendant") motion to dismiss, stay or transfer.  (ECF No. 6.)  Attilius LLC ("Plaintiff") opposed, (ECF No. 9), and Defendant replied, (ECF No. 10).  The Court decides the matter on the papers submitted and without oral argument.  Civ. L.R. 7.1(d)(1).  For the reasons stated below, Defendant's motion is denied in part and granted in part.

I.    **BACKGROUND**

According to the allegations in the Complaint (ECF No. 1), this action arises out of a breach of a contract for consulting services ("Consulting Agreement"), executed by both parties on October 1, 2018.  (ECF No. 1, at 3.)  Pursuant to the Consulting Agreement, Defendant, a dental business owned by Dr. Daren Larsen and Dr. Josh Haslem, engaged Plaintiff, through its managing director Hamilton "Butch" Dorian, to provide consulting and other requested services.  (*Id.*)  Plaintiff was to be paid $10,000 at the beginning of each month as a retainer, in addition to travel and other reasonable expenses.  (*Id.*)  The Consulting Agreement anticipated an initial one-year term and would automatically renew for additional thirty-day terms unless either party provided notice of intent not to renew thirty days in advance.  (*Id.*)

Defendant paid Plaintiff the $10,000 monthly retainer from October 2018 through October 2019.  (*Id.*)  Plaintiff has not received a monthly payment since October of 2019.  (*Id.*)  On January 7, 2022, Defendant sent a letter notifying Plaintiff of its intent to pay one additional retainer payment of $10,000, which Plaintiff never received.  (*Id.* at 3–4.)  Plaintiff asserts that the letter would cause termination of the Consulting Agreement on February 7, 2022.  (*Id.* at 4.)  Plaintiff claims to be owed $280,000 ($10,000 for every month Plaintiff was not paid from November of 2019 to February of 2022, a total of twenty-eight months).  (*Id.* at 3.)

Defendant moves to dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens*, stay the case under the *Colorado River* Doctrine, and transfer venue pursuant to 28 U.S.C. § 1404(a).  (*See* ECF No. 6-1.)  Additionally, Defendant moves to dismiss Plaintiff's second and third claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [1]  (*Id.*)

## II.   MOTION TO DISMISS UNDER *FORUM NON CONVENIENS*

According to Defendant's motion and documents attached thereto, Mr. Dorian formed an LLC called Sweetwater DSO ("Sweetwater") with Drs. Larsen and Haslem in October of 2019. (ECF No. 6-3, at 3.)  Sweetwater would provide administrative support to several dental practices in Utah and one in Arizona.  (*Id.*)  The owners of Sweetwater are the family trusts of Drs. Larsen and Haslem and Dorian's entity Attilius Dental LLC (as distinguished from Attilius LLC, the Plaintiff in this matter).  (*Id.*)  By late 2021 and into early 2022, the relationship between Mr. Dorian and Drs. Larsen and Haslem turned sour and Drs. Larsen and Haslem began the process of exerting control over Sweetwater and the related dental practices.  (*Id.*)

---

[1] The Court assumes from the language used in its argument that Defendant moves to dismiss Plaintiff's second and third claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and thus applies the relevant standard.

On March 29, 2022, Mr. Dorian, in the name of Attilius Dental LLC (not Attilius LLC) and derivatively on behalf of Sweetwater, filed suit in a Utah state court ("Utah Action"). (*See* ECF No. 6-4.) The Utah Complaint names eleven defendants including Drs. Larsen and Haslem and Larsen-Haslem Dental LLC, the Defendant in the instant action. (*See id.*) The Utah Complaint asserts fifteen claims for relief, all arising out of the business relationship between Dorian and Drs. Larsen and Haslem that began with the formation of Sweetwater. (*See id.*)

Defendant characterizes the present action as a "spinoff" of the Utah Action by claiming that Plaintiff is attempting to "peel[] off" a contract claim from the broader dispute. (ECF No. 6-1, at 12–13.) Defendant's motion to dismiss under *forum non conveniens* is based on the argument that Utah is the "epicenter" of this dispute and the witnesses and property at issue are overwhelmingly found in Utah, making the Utah state court the appropriate forum. (*Id.* at 13.)

"A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). The doctrine of *forum non conveniens* is a "drastic exercise" of the court's power and is reserved for "exceptional circumstances." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). The decision to dismiss a case for *forum non conveniens* is committed to the Court's "sound discretion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

"A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (citing *Lueck*, 236 F.3d at 1142–43). Plaintiff does not contest Defendant's assertion that Utah state court would be an adequate alternative forum, and the Court concurs. Thus, dismissal turns on the analysis of the private and public interest factors.

The private interest factors include: "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206–07 (9th Cir. 2009) (quoting *Lueck*, 236 F.3d at 1145).

Defendant has not demonstrated that the private interest factors weigh strongly in favor of dismissal. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334–35 (9th Cir. 1984) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (internal quotations omitted)). Defendant is domiciled in California while Plaintiff is domiciled in Utah. (ECF No. 1, at 2.) Further, the parties name potential witnesses that reside in California and Utah. (ECF No. 6-1, at 13–14; ECF No. 9, at 17.) Dismissing this action would merely shift the obligation to travel to Plaintiff and its witnesses. Thus, Defendant has not shown that the first private interest factor weighs strongly in favor of dismissal. The same is true of the second, third, fifth, and seventh factors. Evidence likely exists in both California and Utah, and potential witnesses exist in each forum. Any inconvenience that Defendant claims it will suffer should the Court maintain the present action would fall to Plaintiff upon dismissal, which is not an appropriate basis for dismissal.

Additionally, in arguing that the potential witnesses are beyond this Court's subpoena power, Defendant only cites to cases that involve international parties which is not the case here. (ECF No. 6-1, at 18.) Relatedly, Defendant has not offered any evidence that a judgment in this Court would be unenforceable. It follows that the private interest factors do not favor dismissal.

Courts must also consider the following public interest factors: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute

4

unrelated to a particular forum." *Bos. Telecomms. Grp., Inc.*, 588 F.3d at 1211 (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181 (9th Cir. 2006)).

The public interest factors are of no more help to Defendant.  Plaintiff is a corporation operating in California, and the Consulting Agreement is governed by California law.  (ECF No. 1, at 2; ECF No. 1-2, at 3.)  The community in this District has an interest in protecting local companies, *Dole Food Co. v. Watts*, 303 F.3d 1104, 1119 (9th Cir. 2002), and this Court would certainly be more familiar with California law than a Utah state court.  Defendant does not provide compelling evidence that the remaining factors weigh strongly in favor of dismissal, and thus the public interest factors as a whole do not tip scale in favor of dismissal.

Taking the private interest factors together with the public interest factors, Defendant has failed to meet its "heavy burden" in order to overcome Plaintiff's choice of forum.  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).  Consequently, Defendant's motion to dismiss under *forum non conveniens* is denied.

## III.    <u>MOTION TO STAY</u>

Next, Defendant argues that "[s]hort of dismissal, the Court should stay this case under the principles" laid out in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

The *Colorado River* Doctrine "is a form of deference to state court jurisdiction." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1137 (9th Cir. 1990).  The Supreme Court recognized that "there may be circumstances in which traditional abstention principles do not apply, yet considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' nonetheless justify a decision to stay or dismiss federal proceedings pending resolution of concurrent state court proceedings.  *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1032–33 (9th Cir. 2005) (quoting *Colorado River,* 424 U.S. at 817).  But due to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," a stay under *Colorado River* is

appropriate only under "exceptional circumstances." *Colorado River,* 424 U.S. at 813, 817.

"The threshold question when considering the *Colorado River* doctrine is whether the state and federal actions are 'substantially similar.'" *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  In other words, a stay is only appropriate where the "state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.  If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).  "Exact parallelism" between the federal action and the state action "is not required." *Nakash*, 882 F.2d at 1416.

The Court finds that the instant action is not substantially similar to the Utah Action.  Defendant argues that "[w]ithout identifying the consulting agreement by name, the Utah complaint alleges the facts that give rise" to this federal action.  (ECF No. 6-1, at 12.)  Specifically, Defendant points out that the Utah Complaint includes factual allegations concerning the introduction between Mr. Dorian and Drs. Larsen and Haslem and the formation of Sweetwater in October of 2019.  (*Id.*)  Defendant also recognizes the relationship between the parties in both actions.  (*Id.*)

The Utah Complaint makes no mention of any events that took place from the time the parties were introduced until the formation of Sweetwater, notably leaving out any events surrounding the execution and performance of the Consulting Agreement in 2018.  (*See* ECF NO. 6-4.)  In fact, the Utah Complaint contains none of the factual allegations that are included in the present Complaint.  (*Compare* ECF No. 6-4, *with* ECF No. 1.)  Moreover, the Utah Complaint does not include a claim for breach of contract arising from breach of the Consulting Agreement.  (*See* ECF No. 6-4.)  Without the relevant factual basis or a claim alleging breach of the Consulting Agreement, the Utah Action is not an adequate vehicle for completely resolving the issues between the parties.  Thus,

1   the state and federal actions are not substantially similar, and Defendant does not meet

2   the threshold requirement under *Colorado River*.  The motion to stay is denied.

3   **IV.**   **MOTION TO TRANSFER**

4       Defendant asserts that should the Court decline to dismiss or stay this action, it

5   should be transferred to a federal court in the District of Utah.  (ECF No. 6-1, at 27.)

6       Section 1404(a) of Title 28 of the United States Code gives the District Court

7   discretion to transfer an action "[f]or the convenience of parties and witnesses, in the

8   interest of justice, . . . to any other district or division where it might have been brought."

9   28 U.S.C. § 1404(a).  "[T]he purpose of [this] section is to prevent the waste 'of time,

10  energy, and money' and 'to protect litigants, witnesses and the public against unnecessary

11  inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting

12  *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26–27 (1960)).  Defendant maintains, and

13  Plaintiff does not dispute, that the present action could have originally been brought in

14  the District of Utah.  (ECF No. 6-1, at 27–28; ECF No. 9, at 27.)  Thus, the Court turns to

15  whether this action should be transferred for the convenience of the parties and witnesses,

16  in the interest of justice.

17      Absent a forum selection clause, motions to transfer under § 1404(a) are analyzed

18  under the same framework as *forum non conveniens* motions.  *Atl. Marine Constr. Co. v.*

19  *U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 62 (2013).  But § 1404(a) was

20  "intended to permit courts to grant transfers upon a lesser showing of inconvenience"

21  than in *forum non conveniens* cases and impart broader discretion on the Court.  *Norwood*

22  *v. Kirkpatrick*, 349 U.S. 29, 32 (1955).  Nevertheless, a transfer will be denied where the

23  effect would simply be to shift or equalize the inconvenience.  *See Decker Coal Co. v.*

24  *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (affirming district court's

25  denial of venue transfer where "transfer would merely shift rather than eliminate the

26  inconvenience").  The burden of showing that the alternative forum is more appropriate is

27  on the moving party.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

28

Courts look to a number of factors in considering § 1404(a) motions, all of which overlap with the factors considered under *forum non conveniens* except for two: (1) the plaintiff's choice of forum, and (2) feasibility of consolidation of other claims. *Compare Jones*, 211 F.3d at 498–99 (listing the factors considered in a motion to transfer under § 1404(a)), *with Bos. Telecomms. Grp., Inc.*, 588 F.3d at 1206–07, 1211 (listing the factors considered in a *forum non conveniens* analysis). Having already determined that the coinciding factors weigh in favor of maintaining the suit, the Court now evaluates only the Plaintiff's choice of forum and feasibility of consolidation.

Here, both factors weigh against transfer. Plaintiff elected to bring the case in the Southern District of California, and there are no pending claims in the District of Utah with which the present claims could be consolidated. Therefore, even under the more lenient § 1404(a) standard, Defendant has not met its burden of showing the District of Utah is a more appropriate forum.

## V.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Lastly, Defendant contends that even if the Court does not dismiss, stay, or transfer the case, Plaintiff's claims for conversion and accounting should be dismissed because Plaintiff failed to state plausible claims for either. (ECF No. 6-1, at 31–34.)

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. [2] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further

---

[2] In considering a motion to dismiss under Rule 12(b)(6), the Court only considered the contents of the Complaint and matters judicially noticed. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## A.  Second Claim for Relief – Conversion

Defendant contends that Plaintiff's claim for conversion cannot stand because Plaintiff "generically claims conversion" of funds generated by Plaintiff's provision of services to Defendant under the contract. (ECF No. 6-1, at 31–32.)

"Conversion is the wrongful exercise of dominion over the property of another." *Oakdale Vill. Grp. v. Fong*, 50 Cal. Rptr. 2d 810, 812 (1996). To state a claim, a plaintiff must allege his "ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Farmers Ins. Exch. v. Zerin*, 61 Cal. Rptr. 2d 707, 709 (1997) (internal citations omitted); *see also* Jud. Council of Cal., Civ. Jury Instr. 2100. "'Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment.' A 'generalized claim for money [is] not actionable as conversion.'" *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, Cal. Rptr. 3d 516, 524 (2007) (internal citations omitted).

Here, Plaintiff claims that it "owned, possessed, and/or had a right to possess and still owns and/or has the right to possess any and all of its tangible and intangible

property generated by its provision of services to Defendant." (ECF No. 1, at 5.)
Plaintiff further contends that Defendant "intentionally, wrongfully and substantially
converted this property for its own use and for its personal benefit and gain . . . by
retaining funds owed to [Plaintiff]." (*Id.*)

In claiming an ownership interest in funds owed under the Consulting Agreement,
Plaintiff is simply asserting a contractual right of payment which is not a sufficient basis
to state a claim for conversion. *Farmers Ins. Exch.*, 61 Cal. Rptr. 2d at 709 ("[A] mere
contractual right of payment, without more, will not suffice" to prevail on a claim for
conversion.). Plaintiff's conclusory allegations do not rise above a generalized claim for
money. Defendant's motion to dismiss Plaintiff's second claim for conversion is granted.

## B.   <u>Third Claim for Relief – Accounting</u>

Defendant argues that Plaintiff's accounting claim rises and falls with the
conversion claim. (ECF No. 6-1, at 34.) Defendant also asserts that the accounting claim
fails for the independent reason that Plaintiff cannot allege that an accounting is
necessary. (*Id.*)

"An action for an accounting has two elements: (1) that a relationship exists
between the plaintiff and defendant that requires an accounting and (2) that some balance
is due the plaintiff that can only be ascertained by an accounting." *Sass v. Cohen*, 477
P.3d 557, 562 (Cal. 2020) (citation omitted). "The action carries with it an inherent
limitation; an accounting action is not available where the plaintiff alleges the right to
recover a sum certain or a sum that can be made certain by calculation." *Id.* (citation
omitted). To be sure, "[a]n accounting cause of action is equitable and may be sought
where the accounts are so complicated that an ordinary legal action demanding a fixed
sum is impracticable." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186,
1207 (E.D. Cal. 2013) (citing *Civic W. Corp. v. Zila Indus., Inc.*, 135 Cal. Rptr. 915, 923
(1977)). "[A] fiduciary relationship between the parties is not required to state a cause of
action for accounting." *Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696, 716 (2009).

22-cv-0899-L-KSC

Plaintiff claims that an accounting is warranted because "Defendant owes a duty to account" to Plaintiff, and that Plaintiff is "unaware of the exact amounts owed to it." (ECF No. 1, at 6.)  Plaintiff has sufficiently alleged that a relationship exists between it and Defendant such that an accounting is required.  But simply stating that the amount owed to Plaintiff is unknown is insufficient to show that the accounts are so complicated that an ordinary claim for breach of contract would be inadequate to afford proper relief. Defendant's motion to dismiss Plaintiff's third claim for relief is granted.

### C.   <u>Leave to Amend</u>

In the event Plaintiff's second and third claims are dismissed, Plaintiff requests leave to amend the Complaint.  (ECF No. 9, at 32–33.)  Because the Court cannot conclude that leave to amend would be futile, the Court grants Plaintiff leave to amend. *See* Fed. R. Civ. P. 15(a)(2); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.")

## VI.   <u>REQUEST FOR JUDICIAL NOTICE</u>

Defendant requests judicial notice of the docket from the Utah Action, the complaint filed in the Utah Action, and the Federal Court Management Statistics, National Judicial Caseload Profile for the most recent period found on the U.S. Courts website.   (ECF No. 6-2, at 2.)

Federal Rule of Evidence 201 permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)–(2).  Under this rule, "federal courts may take judicial notice of other courts' proceedings . . . if the proceedings directly relate to matters before the court." *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1137 (S.D. Cal. 2006), *aff'd*, 276 F. App'x 576 (9th Cir. 2008) (citing *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,

971 F.2d 244, 248 (9th Cir. 1992)).  Additionally, "the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies."  *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information that was "made publicly available by government entities . . . and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein").

The documents that Defendant seeks to have judicially noticed fall into the above categories.  Accordingly, the Court finds the two court documents pertaining to the Utah Action and the governmental record available on the U.S. Courts website appropriate for judicial notice under Federal Rule of Evidence 201.  Defendant's request for judicial notice is granted.

## VII.  **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss under *forum non conveniens* is **DENIED**.  Defendant's motion to stay is **DENIED**.  Defendant's motion to transfer is **DENIED**.  Defendant's motion to dismiss Plaintiff's second claim for conversion and third claim for accounting for failure to state a claim is **GRANTED**.  Plaintiff is granted leave to amend.  If Plaintiff chooses to amend, the amended complaint must be filed and served no later than **December 5, 2022**.  Defendant shall file and serve a response, if any, no later than the time provided in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  November 7, 2022

Hon. M. James Lorenz
United States District Judge